UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT L. ANDERSON,

    Petitioner,

v.                                                                                          CASE NO: 8:10-cv-833-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The Court has considered the petition and memorandum of law filed on April 2, 2010 (Dkt. # 1), the Government's response thereto filed on September 28, 2010 (Dkt. # 12), and Petitioner's reply filed on October 20, 2010 (Dkt. # 17).  Upon review, the Court concludes that the petition must be denied because the retroactive application of the state's sexual predator registration requirements did not violate the *Ex Post Facto* Clause of the U.S. Constitution.

## Background

In 1988, Petitioner, Robert L. Anderson ("Petitioner") was convicted of sexual battery and false imprisonment of a person over 18 years of age.  Upon his release from incarceration in 1992, Petitioner began serving 15 years of probation.  At the time of his release, Petitioner was not required to register as a sex offender due to an exception for

persons who were released from confinement to probation in Florida Statutes § 775.13(5)(d). In 1992, § 775.13(5)(d) exempted any person "[w]ho is a parolee or probationer under the supervision of the Department of Corrections or is a probationer under the supervision of any county probation officer of the state or who has been lawfully discharged from such parole or probation." Fla. Stat. § 775.13(5)(d) (1992) (amended 1997). The aforementioned exception was removed in 1997 when the Florida Legislature amended § 775.13 and passed Florida Statutes § 943.0435. Section 943.0435 requires any sex offender to register with the local sheriff's office within 48 hours of their release from custody or relocation to a permanent or temporary residence in Florida. Fla. Stat. § 943.0435(2).

In 2007, Petitioner was released from probation and did not register under § 943.0435. Consequently, a warrant was issued for Petitioner's arrest. On November 17, 2008, Petitioner entered a plea of nolo contendere to the offense of failure to register as a sexual offender, and a prison sentence of 42 months was imposed. Petitioner elected not to take a direct appeal of the conviction and sentence.

On April 20, 2009, Petitioner, filed a Motion for Post Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. In his Motion for Post Conviction Relief, Petitioner asserted that his conviction was illegal because the registration requirement for sexual offenders violated the *Ex Post Facto* Clause of the U.S. Constitution.

On June 10, 2009, the trial court summarily denied the Petitioner's Motion for Post Conviction Relief citing *Givens v. State*, 851 So. 2d 813 (Fla. 2nd DCA 2003) and *Smith v. Doe*, 538 U.S. 84 (2003) for the proposition that retroactive application of sexual predator

registration requirements did not violate the *Ex Post Facto* Clause of the U.S. Constitution. On June 24, 2009, Petitioner filed a Motion for Rehearing which was denied on August 31, 2009.

On August 17, 2009, Petitioner filed a Notice of Appeal in the Second District Court of Appeal. On September 14, 2009, Petitioner filed an Initial Brief in the Second District Court of Appeal. Petitioner presented the issue of whether the trial court erred in finding Florida's Sexual Offender's registration requirement violated the *Ex Post Facto* Clause of the U.S. Constitution. On January 20, 2010, the Second District Court of Appeal per curiam affirmed the Petitioner's conviction and sentence.

The instant federal petition was timely filed on April 2, 2010 pursuant to 28 U.S.C. § 2254. In the instant federal petition, Petitioner asserts seven grounds for relief, all of which assert violations of the *Ex Post Facto* Clause of the U.S. Constitution.

## Standard of Review

In 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2254. "Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments." *Parker v. Sec., Dept. Corr.*, 331 F. 3d 764, 768 (11th Cir. 2003) (citing *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002)).

Under 28 U.S.C. § 2254, a person in custody pursuant to a state court judgment may challenge their conviction and sentence in federal court by applying for a writ of *habeas corpus*. *See* 28 U.S.C. § 2254(a). Federal courts "may entertain an application for a writ of *habeas corpus* only on the ground that the prisoner's confinement violates the Constitution,

laws, or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, the applicant must show that the violation rises to the level of a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

Furthermore, under 28 U.S.C. § 2254(d), *habeas* relief is not available for any claim adjudicated on the merits in state courts unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1) & (2). A state court's decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Price v. Vincent*, 538 U.S. 634, 640 (2003); *Early v. Packer*, 537 U.S. 3, 7-8 (2002) (per curiam).

Under § 2254(d)'s "unreasonable application" clause, a federal court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied a Supreme Court Case incorrectly. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2003) (citing *Bell v. Cone*, 535 U.S. 685, 698-99, (2002). Rather, "it is the habeas applicant's burden" to show that the state court applied that case to the facts "in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2003).

## Ex Post Facto Claim

Petitioner filed a § 2254 application for a writ of *habeas corpus* requesting relief on the following grounds:

**Ground One:** The current confinement is had in violation of the *ex post facto* clauses of both state and federal constitutions.

**Ground Two:** The sentence is imposed in violation of the *ex post facto* clauses of both state and federal constitutions.

**Ground Three:** The circuit court exercised jurisdiction in violation of the *ex post facto* clauses of both state and federal constitutions.

**Ground Four:** The court did not have jurisdiction to impose the sentence of 42 months absent the *ex post facto* application of Fla. Stat. § 943.0435.

**Ground Five:** The sentence imposed exceeds the statutory maximum of 60 days for a second degree misdemeanor under Fla. Stat § 775.13(6) absent the *ex post facto* application of Fla. Stat. § 943.0435.

**Ground Six:** The nolo contendere plea to the third degree felony failure of a sexual offender to register and to the sentence of 42 months lacked the requisite factual basis sufficient to demonstrate conduct in violation of Fla. Stat. § 943.0435 absent the *ex post facto* application of this statute.

**Ground Seven:** The current confinement to state prison is had in violation of the *ex post facto* clause of the federal and state constitutions.[1]

(Dkt. #1.) In all seven claims, Petitioner alleges that requiring him to register as a sexual offender is a violation of the *Ex Post Facto* clause of the U.S. Constitution. Each claim for relief is based on the this same allegation of error and will be addressed as one claim.

---

[1] Ground one in the petition asserted the exact same claim as ground seven. (Dkt #1.)

When determining if a statute constitutes retroactive punishment forbidden by the *Ex Post Facto Clause* of the U.S. Constitution, the Court must first "ascertain whether the legislature meant the statute to establish 'civil' proceedings." *Smith v. Doe*, 538 U.S. 84, 92 (2003) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)). If the legislature meant to establish "civil proceedings," the Court will "ordinarily defer to the legislature's stated intent." *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997). "If the intention of the legislature was to impose punishment, that ends the inquiry." *Smith v. Doe*, 538 U.S. 84, 92 (2003).

Since legislatures were concerned by "the high number of repeat sex offenders, states enacted these laws for the **purpose of notifying the public about local sex offenders and to aid law enforcement in identifying and locating potential suspects in local sex-related crimes**." *Doe v. Moore*, 410 F.3d 1337, 1340 (11th Cir. 2005) (emphasis added) (citing *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003)). As such, the U.S. Supreme Court held that "an imposition of restrictive measures on sex offenders adjudged to be dangerous is 'a legitimate nonpunitive governmental objective and has been historically so regarded.'" *Smith v. Doe*, 538 U.S. 84, 93 (2003) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 363 (1997)). In *Smith v. Doe*, the U. S. Supreme Court held that the Alaska Sex Offender Registration Act is nonpunitive; thus, its retroactive application does not violate the *Ex Post Facto* Clause. *Smith v. Doe*, 538 U.S. 84 (2003). Similarly, the Eleventh Circuit held that "§ 943.0435 does not violate the ex post facto prohibition because it is nonpunitive." *U.S. v. Carver*, No. 10-11599, 2011 WL 1304757, at *4 (11th Cir. Apr. 6, 2011) (citing *Smith v. Doe*, 538 U.S. 84, 105–06 (2003)); *see also Houston v. Williams*, 547

F.3d 1357, 1364 (11th Cir. 2008) (holding that a Florida sex offender registration statute did not violate the *ex post facto* clause because it was "not punitive, but rather regulatory" in nature).

Here, Petitioner failed to meet his burden to show that the state court applied the case law to the facts "in an objectively unreasonable manner." The clearly established federal law holds that a registration requirement for sexual offenders is not a violation of the *Ex Post Facto* Clause of the U.S. Constitution.

Nevertheless, Petitioner argues that the state court's decision is unreasonable because the clear unambiguous language of § 943.0435(1), (2) and (3) establishes that the statute is not procedural and instead, punitive in nature. However, an in-depth reading of § 943.0435 shows that Petitioner's argument is without merit. Similar to the Sex Offender Registration Act ("SORNA"), the individual provisions of § 943.0435 are primarily devoted to procedural issues such as enumerating the specific information a sex offender must provide, and creating procedures to ensure information is disseminated. *Compare Fla. Stat.* § 943.0435, *with* 18 U.S.C. § 2250. Consequently, there is insufficient evidence to transform § 943.0435 "from a civil scheme into a criminal penalty. Thus, Defendant's *ex post facto* challenge is without merit." *U.S. v. Mason*, 510 F.Supp.2d 923, 930 (M.D. Fla. 2007) (citations omitted).

## **Conclusion**

Petitioner has not carried his burden to show that the state court applied the case law to the facts "in an objectively unreasonable manner." Therefore, there is no constitutional deprivation underlying Petitioner's state court conviction. As such, Petitioner's application

for 28 U.S.C. §2254 relief is denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of *habeas corpus* is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2010\10-cv-833.deny 2254.wpd